J-A31041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOGAN TYLER BUCHANAN, | |
| Appellant | No. 2171 MDA 2014 |

Appeal from the Judgment of Sentence July 23, 2014
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0001394-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED JANUARY 08, 2016**

Appellant, Logan Tyler Buchanan, appeals from the judgment of sentence imposed following his jury conviction of risking a catastrophe, after an explosion resulting from the attempted production of methamphetamine. Appellant challenges the weight and sufficiency of the evidence.  We affirm.

The underlying facts in this case are not in substantial dispute.  On July 15, 2013, an explosion occurred at 153 West Main Street, Waynesboro, Pennsylvania in a residence occupied by Natasha McCammon.  Ms. McCammon lived there with Christopher Myers.  The explosion stemmed

_____

[*] Retired Senior Judge assigned to the Superior Court.

from an unsuccessful attempt to manufacture methamphetamine.[1]  The explosion resulted in a fire.  Police arrested McCammon, Appellant, and Josie McCormick, his fiancée.[2]  McCormick was convicted of related charges after she entered a plea of *nolo contendere* in January of 2014.  (**See** N.T. Trial, 6/16/14, at 80).

Appellant was charged with risking a catastrophe, 18 Pa.C.S.A. § 3302,[3] possessing precursors with intent to manufacture a controlled substance, 35 P.S. § 780-113.1(a)(3), and operating a methamphetamine

_____

[1] The parties also attempted to make methamphetamine the night before, but the events of that preceding night are not directly at issue in this appeal.

[2] There is no dispute that Mr. Myers was out of the house, at work, on July 15, when the explosion occurred.  (**See** Commonwealth's Brief, at 4 n.2).

[3] Causing or risking catastrophe.

      (a) Causing catastrophe.—A person who causes a catastrophe by explosion, fire, flood, avalanche, collapse of building, release of poison gas, radioactive material or other harmful or destructive force or substance, or by any other means of causing potentially widespread injury or damage, including selling, dealing in or otherwise providing licenses or permits to transport hazardous materials in violation of 75 Pa.C.S. Ch. 83 (relating to hazardous materials transportation), commits a felony of the first degree if he does so intentionally or knowingly, or a felony of the second degree if he does so recklessly.

      (b) Risking catastrophe.—A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section.

18 Pa.C.S.A. § 3302.

laboratory, 35 P.S. § 780-113.4(a)(1). The three gave varying versions of how the explosion occurred. At trial, in June of 2014, both Ms. McCormick and Ms. McCammon testified that Appellant was an active participant in the methamphetamine manufacturing process. (*See* N.T. Trial, 6/16/14, at 36, 130-32). Notwithstanding her inculpatory testimony, McCormick also sent a letter to Appellant's defense counsel denying he had any direct involvement in the manufacture of the methamphetamine.

Appellant, testifying on his own behalf, also denied any active involvement. He maintained that aside from occasional visits to the bedroom where they were working (purportedly to discourage McCormick from taking any methamphetamine for herself), he stayed in an adjoining room watching television. (*See id.* 6/17/14, at 79-80, 82-83). He testified further that when he heard the explosion he ran into the bedroom and helped the two women get out through a window. (*See id.* at 83-84). Appellant maintained that burn evidence on his arm and shoes was not from his involvement in the methamphetamine making process, but from his helping the women escape. (*See id.*).

The jury convicted Appellant of risking a catastrophe, but acquitted him of the remaining charges. This timely appeal followed the denial of his post-sentence motion, which challenged the weight of the evidence.[4]

Appellant presents two questions for our review:

> I. Was the jury's verdict supported by sufficient evidence to convict [Appellant] of risking a catastrophe where the catastrophe was the explosion and fire of a residence, but where the jury acquitted [Appellant] of possession of certain chemicals with the intent to manufacture a controlled substance and of operating a methamphetamine laboratory, but where the evidence established that the catastrophe was solely the result of an attempt at the production of methamphetamine?
>
> II. Did the trial court err in denying the Appellant's motion for a new trial based on the jury's verdict being against the weight of the evidence?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

In support of his claims, Appellant chiefly argues that because of his acquittal on the other two charges, he is entitled to acquittal on risking a catastrophe, or a new trial. (**See id.** at 9-10). We disagree.

Our standard of review for a challenge to the sufficiency of the evidence and the weight of the evidence is well-settled.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the

---

[4] Appellant filed a timely statement of errors on January 26, 2015. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on February 5, 2015. **See** Pa.R.A.P. 1925(a). The opinion referenced the court's order denying Appellant's post-sentence motion, and accompanying opinion, filed November 19, 2014.

crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations and internal quotation marks omitted).

In this case, Appellant maintains that the acquittals "suggest that the verdict . . . is not supported by sufficient evidence" to convict on the remaining charge. (Appellant's Brief, at 19). We disagree.

Instead, we agree with the trial court that Appellant's argument, in effect, is that his conviction is an inconsistent verdict in light of the acquittals on those other charges. (*See* Trial Court Opinion, 2/05/15, at 3).

- 5 -

Our Supreme Court has confirmed that consistency in a verdict is not required. *See Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012):

> While recognizing that the jury's verdict appears to be inconsistent, we refuse to inquire into or to speculate upon the nature of the jury's deliberations or the rationale behind the jury's decision. Whether the jury's verdict was the result of mistake, compromise, lenity, or any other factor is not a question for this Court to review. We reaffirm that an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal. Furthermore, the "special weight" afforded the fact of an acquittal plays no role in the analysis of inconsistent verdicts, because, by definition, one of the verdicts will always be an acquittal.

*Id.* at 1213 (citations omitted).

Here, the jury as fact-finder was free to accept the testimony that Appellant was an active participant in the methamphetamine manufacturing process along with McCammon and McCormick. Appellant fails to demonstrate that the Commonwealth's evidence was "in contradiction to the physical facts, in contravention to human experience [or] the laws of nature." *Widmer*, *supra* at 751. His acquittal of the remaining charges, whether "the result of mistake, compromise, lenity, or any other factor" cannot be interpreted as a specific finding in relation to the evidence. *Miller*, *supra* at 1213.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and giving the prosecution the benefit of all reasonable inferences to be drawn from that evidence, we have no difficulty in

concluding that there is more than sufficient evidence to support Appellant's conviction. ***See Widmer***, ***supra*** at 751. Appellant's first claim does not merit relief.

Appellant's second issue challenges the denial of his weight claim.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> However, the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is not unfettered. The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion. This court summarized the limits of discretion as follows:
>
>> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Widmer***, ***supra*** at 753 (citations omitted).

- 7 -

As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

*Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007), *appeal denied*, 928 A.2d 1289 (Pa. 2007) (citations omitted).

Here, in an abbreviated argument which for the most part merely adopts by reference the argument challenging sufficiency, (**see** Appellant's Brief, at 22, (citing the argument for insufficiency at 12-17)), Appellant offers no argument that the judgment is manifestly unreasonable or that the law was not applied correctly. (**See id.** at 22-23). Appellant only adds an obscure, unsupported claim that Appellant can be distinguished from a trial court reference to "individuals." (**Id.** at 22). The argument is undeveloped and unpersuasive.

On independent review, we discern no basis on which to disturb the jury's verdict of conviction, or to find that the trial court's denial of the weight claim was the result of partiality, prejudice, bias or ill will. Justice does not totter on her pedestal. Neither the jury's verdict nor the trial court's denial of the weight claim shocks the judicial conscience.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2016